IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In Proceedings under Chapter 13 |
| | ) | |
| Michael D. and Kristy M. Austin, | ) | Case No. 11-41291 |
| | ) | |
| Debtors. | ) | |

## OPINION

This matter comes before the Court on the Objection to Amended Plan filed by Heights Finance Corporation ("Creditor"). The Creditor objects to the treatment of its mortgage in the Debtors' plan. The plan proposes to pay the entirety of the Creditor's secured claim, including an arrearage, over the life of the plan at 5.25% interest. The Creditor objects that the Debtors are attempting to modify its secured claim in contravention of 11 U.S.C. § 1322(b)(2) because they are modifying the contract rate of interest of 17.702% on "a claim secured only by a security interest in real property that is the debtor's principal residence."

The note that is secured by the mortgage is not scheduled to mature by its own terms until roughly two years after the Debtors are scheduled to complete their plan payments. By proposing to pay off the entire balance of the note over the life of the plan (five years) rather than the current maturity date (roughly seven) at a rate of interest less than the contract rate, the Creditor believes the Debtors are impermissibly modifying its secured claim. The Debtors counter that the claim is secured by more than just a security interest in their principal residence, because the Creditor accepted wage assignments as additional security at the time of the transaction. The Creditor offered two exhibits at a hearing on the objection which reflect the wage assignments it took as security in addition to the mortgage. The wage assignments were signed on April 30, 2008. They take an interest in wages "earned from [the debtor's] present employer within a period of three (3) years from the date of execution hereof or from any future

employer within a period of two (2) years from the date of execution hereof." The Debtors filed their Chapter 13 petition on September 24, 2011. Thus, the wage assignments had expired by their own terms prior to the Debtors' filing.

To determine whether or not the Creditor's claim is secured by more than just a mortgage on the Debtors' principal residence, the Court must decide the proper moment in time in which that question must be answered. There is a strong split of authority on this issue. The two competing theories are at the time of the transaction and as of the date of the petition. For example, in *In re Hughes*, 333 B.R. 360, 362 (Bankr. M.D.N.C. 2005) and *In re Moore*, 441 B.R. 732, 741 (Bankr. N.D.N.Y. 2010), the courts held that the relevant moment is the time the creditor takes a security interest. In *Benafel v. One West Bank, FSB (In re Benafel)*, 461 B.R. 581, 587 (B.A.P. 9th Cir. 2011), the Bankruptcy Appellate Panel held that the relevant moment is the date of filing the petition. The Court is not aware of any controlling authority in the Seventh Circuit on this issue. The Court believes that the petition date is the more appropriate moment. The date of filing is the crucial moment in many respects in bankruptcy. To accept the Debtors' interpretation of § 1322(b) would give them the benefit of that section when their obligations pursuant to the wage assignments no longer existed as of the date of filing their petition.

The opinion of Judge Squires in *In re Larios*, 259 B.R. 675 (Bankr. N.D. Ill. 2001) is persuasive. The court in *Larios* did not need to decide the proper date of reference because it ruled that the creditor carried a security interest other than just a mortgage both at the time of the transaction and the date of filing. Still, the court appeared to favor the date of the petition, stating in dicta that, "For purposes of applying § 1322(b)(2), it matters not whether the security interest has attached, nor whether it is perfected, only whether it is extant and not released,

satisfied or otherwise terminated." *Id.* at 678. Because the Creditor's wage assignment had terminated prior to the petition date, its claim was secured only by the mortgage on the Debtors' principal residence. Therefore, the Debtors cannot modify the Creditor's claim under § 1322(b)(2).

The Debtors cited several other provisions of § 1322 in an effort to support their attempted modification. They first relied on § 1322(b)(5), which is an exception to § 1322(b)(2). This section allows a debtor to modify a claim to cure a default within a reasonable time if the payments on the secured claim are scheduled to end after the final plan payment is due. This section does not help the Debtors. It only allows for modification of the *default* over the life of the plan. It otherwise requires the "maintenance of payments" on the secured claim. Stated another way, § 1322(b)(5) does not allow for the modification of the underlying obligation; it merely allows a debtor to spread the curing of a default over the life of the plan rather than a more truncated timeframe. *See Matter of Clark*, 738 F.2d 869, 871-72 (7th Cir. 1984).

The Debtors also cite § 1322(b)(6), which allows the plan to "provide for the payment of all or any part of any claim allowed under section 1305 of this title." This section is inapplicable to the facts of this case, as § 1305 deals only with post-petition claims for taxes payable to a governmental unit and for consumer debt for property or services necessary for the debtor's performance under the plan. The Creditor's secured claim falls under neither category.

Finally, the Debtors cite § 1322(c)(2), which is another exception to § 1322(b)(2). This section is likewise inapplicable to the facts at bar because it requires the payments on the secured claim to end prior to the final plan payment. Here, the payments on the mortgage are scheduled by the terms on the note to end roughly two years after the final plan payment is due.

   For the reasons stated above, the Creditor's objection is allowed.  See order entered this date.

ENTERED: April 19, 2012

                /s/ William V. Altenberger
                UNITED STATES BANKRUPTCY JUDGE-8